966 F.2d 1444
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Cleo B. SMALLEY; Dorothy I. Smalley, Plaintiffs-Appellants,
v.
AETNA CASUALTY & SURETY COMPANY, Defendant-Appellee.
 No. 91-2738.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 5, 1992
Decided: June 26, 1992
 
 Argued: Gene Hal Williams, South Charleston, West Virginia, for Appellants.
 William Lowell Mundy, Mundy & Adkins, Huntington, West Virginia, for Appellee.
 On Brief: Renatha S. Garner, Mundy & Adkins, Huntington, West Virginia, for Appellee.
 Before WIDENER and SPROUSE, Circuit Judges, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Cleo and Dorothy Smalley brought this diversity action alleging that Aetna Insurance Company committed various state common law and statutory violations and violated their rights protected by the West Virginia Constitution by improperly trying to collect payment for damages to an automobile insured by Aetna which had been involved in a collision with a car driven by Cleo Smalley. After losing below on all counts, the Smalleys appeal. We affirm.
 
 
 2
 * On February 20, 1989, while driving his automobile, Cleo Smalley collided with an automobile insured by Aetna. The accident caused $902.32 in damages to the auto insured by Aetna. Aetna paid its insured $802.32. (The policy contained a $100 deductible provision.) Aetna claimed $902.32 from the Smalleys' insurance carrier. The Smalleys' insurance company, however, informed Aetna that the Smalleys' insurance policy was not in force on the date of the accident.
 
 
 3
 Extensive correspondence between the parties or their surrogates followed. On April 3, 1989, Aetna wrote to Cleo Smalley, informing him that the accident was Cleo Smalley's fault and requesting that he either pay Aetna $902.32 or turn Aetna's demand over to his insurance carrier. Smalley responded to Aetna in writing on April 12, explaining that the accident was not his fault. On April 20, Aetna wrote Smalley again, instructing him that if he did not pay $902.32, he would face a lawsuit and that after a judgment was obtained, he would lose his driver's license until the judgment was paid. On May 2, 1989, Smalley sent a second letter to Aetna, stating again that the accident was not his fault.
 
 
 4
 On July 12, 1989, Aetna employed the Associated Collections Services in Denver, Colorado, to collect Aetna's claim against Smalley. After reciting the $902.32 claim, Aetna's letter to the collection agency stated, "You are hereby authorized to proceed with the collection of these accounts which we certify to be legally owing and unpaid as stated." On July 27, 1989, the collection agency sent Smalley a letter demanding $902.32. The agency sent two similar letters to Smalley, dated August 8 and August 16, 1989.
 
 
 5
 On August 30, 1989, Smalley's attorney wrote to Aetna, requesting information concerning Aetna's claim against Smalley. Aetna failed to respond. On September 11, 1989, the collection agency sent another collection letter to Smalley. On September 12, 1989, Aetna telephoned the collection agency and instructed it to institute suit against Smalley. In a September 27, 1989, letter to the collection agency, Smalley denied any debt to Aetna. On October 2, 1989, Smalley's attorney wrote to the collection agency, challenging its actions against Smalley.
 
 
 6
 On October 5, 1989, Aetna again authorized the collection agency to file suit against Smalley. The collection agency, however, informed Aetna that it did not have an attorney in West Virginia, and that it was canceling all collection efforts against Smalley.
 
 
 7
 Accordingly, Aetna retained a law firm with an office in Charleston, West Virginia, to make collection efforts against Smalley. On November 16, 1989, an attorney from that firm wrote to Smalley and, on a threat of court action, demanded that he pay the $902.32 within thirty days.
 
 
 8
 On December 29, 1989, Aetna brought suit against Cleo Smalley in the Magistrate Court of Kanawha County, West Virginia, and obtained a judgment against him for the full amount. On appeal to the Circuit Court of Kanawha County, however, a trial de novo was held before a jury, which held that both drivers were fifty percent at fault in the accident, and therefore neither party could recover.[1] Almost a year later, on November 16, 1990, the Smalleys filed a four-count complaint against Aetna in the Circuit Court of Kanawha County. Count one alleged that Aetna had committed the tort of outrage or intentional infliction of emotional distress against the Smalleys. Count two alleged that Aetna had damaged the Smalleys by committing unfair and deceptive acts in violation of the West Virginia Unfair Trade Practices Act. Count three alleged that Aetna had committed the common law torts of fraud, deceit, and invasion of privacy against the Smalleys, and had violated the West Virginia Constitution. Count four alleged that Aetna was liable for damages to the Smalleys because it had violated a substantial public policy of the State of West Virginia. Aetna removed the case to federal district court.
 
 
 9
 On April 3, 1991, the district court dismissed counts three and four under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted. After discovery, Aetna moved for summary judgment on the remaining claims. The Smalleys moved to amend their complaint to seek damages of less than $50,000, and to remand the case to state court.
 
 
 10
 On October 22, 1991, the district court denied the motion to amend and remand. On October 31, 1991, the district court granted Aetna's motion for summary judgment on counts one and two based upon the one year statute of limitations. This appeal followed.
 
 II
 
 11
 On appeal, the Smalleys challenge the district court's grant of summary judgment on counts one and two, and its dismissal of count three. They also challenge count four but offer no argument in support of that challenge. We agree that the Smalleys failed to state a claim on counts three and four. Accordingly, we affirm that ruling by the district court. We also agree that the district court properly granted summary judgment on counts one and two and affirm but for different reasons than the reason stated by the district court.
 
 
 12
 In our view, neither counts three nor four state a cause of action under the laws of West Virginia. Count three alleged that Aetna had committed the common law torts of fraud, deceit, and invasion of privacy against the Smalleys, as well as a violation of the West Virginia Constitution. Not only are we in agreement with the candid admission of Smalleys' attorney at oral argument describing this desultory count as a "hodgepodge," we also can find no legal basis for any of the common law or constitutional ingredients of the count. The allegation of fraud and deceit relies primarily on Aetna's representation that the Smalleys owed them a debt. It is clear, however, that the Smalleys never believed they were liable to Aetna; thus, the requisite reliance required by West Virginia law was clearly absent. The allegations of invasion of privacy and of a violation of the West Virginia Constitution[2] are wide of the mark and require no discussion.
 
 
 13
 With regard to the district court's ruling on counts one and two, the Smalleys may well be correct that if their complaint had presented litigable issues the underlying tort would have been one that is continuing in nature. That being so an otherwise sufficient complaint would have been timely filed. Nevertheless, as we understand the West Virginia law, there was no genuine dispute of material fact presented to the district court with regard to count one. In Harless v. First National Bank in Fairmont, 289 S.E.2d 692, 704 (W.Va. 1982), the West Virginia Supreme Court established the elements of the tort of outrage or intentional infliction of emotional distress, quoting favorably the language from the Virginia Supreme Court case of Womack v. Eldridge, 210 S.E.2d 145, 148 (Va. 1974):
 
 
 14
 [A] cause of action will lie for emotional distress, unaccompanied by physical injury, provided four elements are shown: One, the wrongdoer's conduct was intentional or reckless. This element is satisfied where the wrongdoer had the specific purpose of inflicting emotional distress or where he intended his specific conduct and knew or should have known that emotional distress would likely result. Two, the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality.
 
 
 15
 It also quoted favorably to comment (d) of section 46 of the Restatement (Second) of Torts that "the conduct must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.' " Harless, 289 S.E.2d at 704-05. Although Aetna's civil action ultimately resulted in a verdict finding the Smalleys and Aetna's insured equally liable for the underlying accident, in our view, the district court should have found as a matter of law that Aetna's conduct, while perhaps offensively aggressive, simply did not amount to conduct which was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."
 
 
 16
 We also conclude that the district court properly granted summary judgment on count two. The only parts of the West Virginia Unfair Trade Practices Act which could conceivably pertain to Aetna's actions in this case are sections (3) and (5).[3] Conceding that Aetna's claim was questionable, the consequent letters and law suit simply do not rise to the level of a violation of either provision. We also find no merit to the Smalleys' contention that the district court erred in rejecting the Smalleys' motion to amend and remand the case to the state court.
 
 
 17
 In view of the above, the judgment of the district court is affirmed.
 
 AFFIRMED
 
 
 [1]
 Under West Virginia's comparative negligence law, a verdict finding the plaintiff and defendant equally liable results in no recoverable damages
 
 
 [2]
 The specific provision invoked by the Smalleys is Article III, Section 1 of the Constitution of West Virginia, which provides:
 All men are, by nature, equally free and independent, and have certain inherent rights, of which, when they enter into a state of society, they cannot, by any compact, deprive or divest their posterity, namely: the enjoyment of life and liberty, with the means of acquiring and possessing property, and of pursuing and obtaining happiness and safety.
 
 
 [3]
 West Virginia's Unfair Trade Practices Act provides, in part:
 The following are hereby defined as unfair methods of competition and unfair or deceptive acts or practices in the business of insurance
 ...
 (3) Defamation.-No person shall make, publish, disseminate or circulate, directly or indirectly, or aid, abet or encourage the making, publishing, disseminating or circulating of any oral or written statement or any pamphlet, circular, article or literature which is false, or maliciously critical of or derogatory to the financial condition of any person and which is calculated to injure such person.
 ...
 (5) False statements and entries.-(a) No person shall knowingly file with any supervisory or other public official, or knowingly make, publish, disseminate, circulate or deliver to any person, or place before the public, or knowingly cause directly or indirectly, to be made, published, disseminated, circulated, delivered to any person or placed before the public, any false material statement of fact as to the financial condition of a person.
 W.Va. Code § 33-11-4 (1992).